**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CLAUDE F. DIOR, individually
and on behalf of all other similarly
situated employees,

                Plaintiff,

-vs-                            Case No.  2:07-cv-46-FtM-34DNF

MAXIM HEALTHCARE SERVICES, INC.,

                Defendant.

_____

**ORDER**

      **THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report

and Recommendation (Dkt. No. 24; Report), entered on November 20, 2007, recommending

that the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice

(Dkt. No. 24; Joint Motion) be granted but that the Court deny the parties request to retain

jurisdiction to enforce the terms of the settlement agreement.  See Report at 1, 3.   Judge

Frazier also recommended that the Joint Motion for Approval of Settlement and Stipulation

of Dismissal with Prejudice  (Dkt. No. 23) be denied as moot and that the Clerk be directed

to dismiss this action and close the file.  See Report at 1, 3.   The parties have failed to file

objection to the Report, and the time for doing so has now passed.

      The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."   28 U.S.C. § 636(b).   If no specific

objections to findings of facts are filed, the district court  is not required to conduct a de novo

review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see

also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Thus, the Court has conducted an independent examination of the record and a de novo review of the legal conclusions.  In this case, Plaintiff filed suit against Defendant, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), seeking recovery of unpaid overtime and wages.  See Complaint for Damages (Dkt. No. 1). Thereafter, the parties engaged in settlement negotiations, which resulted in a compromise of the issues and claims raised in this case.  See Joint Motion at 1-2.  Upon review of the record, including the Report, Joint Motion, and Settlement Agreement and General Release, the undersigned agrees with Judge Frazier that the compromise is a fair and reasonable resolution of a bona fide dispute.[1]

Accordingly, it is hereby **ORDERED:**

1.      Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 25) is **ADOPTED** as the opinion of the Court.

2.      The Joint Motion for Approval of Settlement and Stipulation of Dismissal with

---

[1]      In reaching this conclusion, the Court recognizes that where there is a compromise, the Court must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)).  As the matter has been resolved without compromise, total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonably hourly rate in this or any applicable market.

Prejudice (Dkt. No. 24) is **GRANTED, IN PART, and DENIED, IN PART**.

        a.     To the extent that the parties ask the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, the Joint Motion is **DENIED**.

        b.     Otherwise, the Joint Motion is **GRANTED**.

    3.     The Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice  (Dkt. No. 23) is **DENIED AS MOOT**.

    4.     For purposes of satisfying the FLSA, the Settlement Agreement and General Release is **APPROVED**.[2]

    5.     This case is **DISMISSED WITH PREJUDICE**.

    6.     The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

    **DONE AND ORDERED** in Fort Myers, Florida, this 27th day of December, 2007.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2]    As the Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement and General Release, the terms of the agreement are not incorporated into this Order and will not be made a part of any judgment of this Court.

lc3

Copies to:

Counsel of Record